UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Aaron Beaver,<br><br>       Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>       Defendants | 2:16-cv-01026-JAD-VCF<br><br>**Order Screening and Dismissing Complaint with Leave to Amend and Denying Application to Proceed** in *forma pauperis*<br><br>[ECF No. 1] |

Former pretrial detainee Aaron Beaver brings a civil-rights complaint under 42 U.S.C. § 1983 and has also submitted an application to proceed *in forma pauperis* for prisoners.[1]  Because Beaver is no longer incarcerated, I deny his IFP application as moot.  I screen his complaint as required by the PLRA, dismiss his claims without prejudice and with leave to amend, and give Beaver until January 23, 2017, to file an amended complaint and submit an IFP application by a non-prisoner or pay the $400 filing fee in full.

**Discussion**

**A.    Screening standard**

The Prison Litigation Reform Act directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[2]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief.[3]  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the

---

[1] ECF Nos. 1-1, 4.

[2] *See* 28 U.S.C. § 1915(a).

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.[4]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint. Pro se pleadings are liberally construed.[5] And when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[6]

**B.    Beaver's complaint**

Beaver sues multiple defendants for events that allegedly occurred while he was a pretrial detainee at the Clark County Detention Center ("CCDC").[7] Beaver sues the State of Nevada, the Clark County Sheriff, CCDC Nutritionst, and CCDC religious services director Bonnie Polley.[8] He asserts three counts and seeks monetary damages.[9]

*1.    Count one: free exercise of religion*

In count one, Beaver alleges the following: he requested a diet based on a "religious belief" that he should not eat things with a conscience.[10] Beaver tried several times to explain his beliefs and requested compliant meals beginning April 1, 2016.[11] Jail officials denied all but three meals between

---

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[6] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[7] ECF No. 1-1 at 1, 3.

[8] *Id.* at 2.

[9] *Id.* at 6, 9.

[10] *Id.* at 4.

[11] *Id.*

April 1st and April 25th.[12]  Jail officials told Beaver that his "choice of food was not by religion because it [was] not a widely accepted religion."[13]  Beaver told jail officials that the soy product caused him to vomit, cramp, and have diarrhea due to the animal juices.[14]  According to Beaver, jail officials put him on a vegetarian diet that contained animal flavoring.[15]  He alleges that his First Amendment religious rights have been violated.[16]

Claim one is best construed as a First Amendment free-exercise claim.  The United States Supreme Court has held that inmates retain protections afforded by the First Amendment "including its directive that no law shall prohibit the free exercise of religion,"[17] but the Court has also recognized that valid limitations on these rights may "arise both from the fact of incarceration and from valid penological objectives–including deterrence of crime, rehabilitation of prisoners, and institutional security."[18]

I dismiss claim one without prejudice and with leave to amend.  Beaver has not identified his religion and has not identified which jail officials denied his allegedly religious dietary requests.  If Beaver chooses to replead this claim, he must follow the directions in the form complaint and "describe exactly what each specific defendant (by name) did to violate [his] rights."  Beaver should also identify his religion and describe what types of foods he sought from jail officials and their responses to those requests.

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

[18] *Id.*

### 2. Count two: conditions of confinement

In count two, Beaver alleges that his Eighth Amendment rights were violated when, after his arrest, he was placed in handcuffs for nearly eight hours, not fed for 12 hours, and held in an overcrowded holding cell for 72 hours.[19]

A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees.[20] The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[21] Conditions of confinement may, consistent with the Constitution, be restrictive and harsh[22] but "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."[23]

I dismiss this claim without prejudice and with leave to amend because Beaver has not identified a proper defendant for this claim. The State of Nevada is not a proper defendant,[24] and the State of Nevada does not operate or maintain the CCDC.[25] If Beaver chooses to replead this claim, he should name which individuals subjected him to this treatment. If he sues Metro as the operator of the CCDC, he will need to plead not only facts to show that his rights were violated but also that the

---

[19] ECF No. 1-1 at 5.

[20] *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).

[21] *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

[22] *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

[23] *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

[24] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

[25] *See generally* Nev. Rev. Stat. § 280.284; *see Pullano v. No. 8170, CCDC Guard*, No. 2:10-CV-00335-KJD-LRL, 2011 WL 2680746, at *2 (D. Nev. July 8, 2011) (finding that "Nevada state law delegates final policymaking authority for law enforcement, including operation of CCDC solely to the commanding officer and policymaker of the Las Vegas Metropolitan Police Department").

treatment he received was a result of a Metro policy or custom.[26]

### 3. *Count three: denial of bail*

In count three, Beaver alleges that had been held without bail since March 30, 2016, and without an opportunity to obtain counsel.[27] The record reflects that Beaver has since been released from custody.

To the extent that Beaver challenges his confinement without bail, this claim lies in habeas corpus. The Supreme Court has held that an inmate cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief.[28] If Beaver wishes to pursue this claim, he should file a habeas corpus action.

To the extent that Beaver challenges his lack of counsel, I dismiss this claim without prejudice and with leave to amend. Beaver has not provided enough details for me to determine whether he states a claim. Additionally, Beaver has not identified a specific defendant who violated his alleged right to counsel.

## C. Leave to Amend

Beaver is granted leave to file an amended complaint curing the deficiencies outlined in this order. If Beaver chooses to file an amended complaint, he is cautioned that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself.[29] Beaver's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Beaver must file the amended complaint on this court's

---

[26] *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).

[27] ECF No. 1-1 at 6.

[28] *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, __ F.3d __; No. 12-16935, 2016 WL 4072465, at *3 (9th Cir. July 26, 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action").

[29] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

approved prisoner civil-rights form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.  If Beaver chooses to file an amended complaint, he must do so by **January 23, 2017.  Failure to file an amended complaint by this deadline will result in dismissal of this action with prejudice and without further warning.**

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Beaver's **application to proceed *in forma pauperis* is [ECF No. 1] is DENIED as moot.**

IT IS FURTHER ORDERED that claims one, two, and the counsel-based portion of claim three are dismissed without prejudice and with leave to amend.  The portion of claim three challenging the denial of bail is dismissed with prejudice.

**If Beaver chooses to file an amended complaint, he must do so by January 23, 2017. Beaver must also submit a completed application to proceed *in forma pauperis* or pay the full $400 filing fee by January 23, 2017.**

**Failure to file an amended complaint and submit a properly completed IFP application or pay the $400 filing fee by this deadline will result in dismissal of this case with prejudice and without further notice.**

The Clerk of Court is instructed to file Beaver's complaint [ECF No. 1-1] and to send Beaver the approved form for filing a § 1983 claim, instructions for the same, a copy of his original complaint, and an application to proceed *in forma pauperis* by a non-prisoner.  If Beaver chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

Dated this 23rd day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge