1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4    Aaron Beaver,

**2:16-cv-01026-JAD-VCF**

5         Plaintiff

6    v.

**Order Dismissing and Closing Case**

7    State of Nevada, et al.,

8         Defendants

9

10       On December 23, 2016, I dismissed Beaver's civil-rights complaint with leave to amend and

11   with detailed instructions for curing its deficiencies, and I directed him to file an amended complaint

12   by January 23, 2017.[1]  This deadline has expired, and Beaver has not filed an amended complaint,

13   requested an extension to do so, or otherwise responded to my order.

14       District courts have the inherent power to control their dockets and "[i]n the exercise of that

15   power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2]  A court

16   may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order,

17   or failure to comply with local rules.[3]  In determining whether to dismiss an action on one of these

18   grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2)

19   the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

20

21

22   [1] ECF No. 7.

23   [2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

24   [3] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local
     rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply
25   with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir.
     1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court
26   apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for
     failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
27   (dismissal for lack of prosecution and failure to comply with local rules).

28

1   favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

2          The first two factors, the public's interest in expeditiously resolving this litigation and the

3   court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of

4   prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises

5   from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an

6   action.[5]  A court's warning to a party that its failure to obey the court's order will result in dismissal

7   satisfies the fifth factor's "consideration of alternatives" requirement,[6] and I expressly warned Beaver

8   that failure to timely file an amended complaint would result in dismissal without prejudice and

9   without further notice.[7]  The fourth factor—the public policy favoring disposition of cases on their

10  merits—is greatly outweighed by the factors favoring dismissal.  Accordingly,

11         IT IS HEREBY ORDERED that this case is **DISMISSED** without prejudice based on

12  Beaver's failure to comply with this court's December 23, 2016, order.

13         The Clerk of Court is directed to CLOSE THIS CASE.

14         Dated this 1st day of February, 2017.

15                                                    _____

16                                                    Jennifer A. Dorsey
                                                     United States District Judge

17

18

19

20

21

22

23

24  [4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*,
    963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.
25

26  [5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

27  [6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

28  [7] ECF No. 7.